**Bernard G. Skomal**
**Attorney at Law**
State Bar #116239
1010 Second Ave., Ste. 1850
San Diego, CA. 92101
Tel.: (619) 230-6500

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JORGE PARTIDA,<br>Defendant. | Criminal Case No. 07cr3412-JM<br><br>Date: Jan. 18, 2008<br>Time: 11:00 a.m.<br><br>NOTICE OF MOTIONS<br>and<br>MOTION FOR DISCOVERY; FOR LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN HEWITT, UNITED STATES ATTORNEY; AND
DOUGLAS KEEHN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Friday, Jan. 18, 2008 at 11: 00 a.m., or as soon thereafter as counsel may be heard, the defendant, JORGE PARTIDA, by and through his counsel, Bernard G. Skomal, will move this court to grant the above-listed motions.

**MOTIONS**

The defendant, by and through his counsel, Bernard G. Skomal, and pursuant to Federal Rules of Criminal Procedure 12 and 16, as well as the Fourth, Fifth, and Sixth Amendments to the United States Constitution, hereby moves this court to grant these motions.

These motions are based upon the instant motions, the Notice of Motions, the attached Statement of Facts and Memorandum of Points and Authorities, the files and records in the

above-entitled case, and all matters that may be brought to this court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: Jan. 04, 2008

/s/ Bernard G. Skomal
BERNARD G. SKOMAL
ATTORNEY FOR DEFENDANT

**Bernard G. Skomal**
**Attorney at Law**
State Bar #116239
1010 Second Ave., Ste. 1850
San Diego, CA. 92101
Tel.: (619) 230-6500

Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JORGE PARTIDA,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Case No. 07cr3412-JM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS |

**I.**

**<u>STATEMENT OF FACTS</u>**

The defendant has been charged in a two count indictment alleging a violation of Title 21 USC section 952 and 960, Importation of Marijuana, and Title 21 USC section 841(a)(1), Possession of Marijuana with Intent to Distribute. Mr. Partida was arrested on Nov. 24, 2007 driving a vehicle into the United States from Mexico, which vehicle contained approximately 38 kilos of marijuana found in a non-factory compartment inside that vehicle.

Post Miranda warnings Mr. Partida invoked his right to an attorney. He was questioned pre-Miranda about alleged biographical information. Counsel requests leave to file the appropriate suppression motion after review of that interview.

**II**

**MOTION TO COMPEL DISCOVERY**

The defendant moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *Kyles v. Whitley,* 514 U.S. 419, (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989):

(1) The Defendant's Statements

Under Fed. R. Crim. P. 16 (a)(1)(A) JORGE PARTIDA is entitled to disclosure of all copies of any written or recorded statements made by or purported to have been made by the defendant, including, but not limited to statements obtained on the date of his arrest; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of JORGE PARTIDA before the grand jury; any response by JORGE PARTIDA to any interrogation; and any written summaries of the defendant's oral statements contained in the handwritten rough notes of the government agents (*United States v. Harris*, 543 F.2d 1247, 1251-53 (9th Cir. 1977)) or transcript of any interviewer's contemporaneous writings (*United States v. Walk*, 533 F.2d 417,418 (9th Cir. 1975)); any and all documents, instruments, or forms prepared by, signed, reviewed, or otherwise adopted by JORGE PARTIDA as his own; any response to any *Miranda* warnings which may have been given to the defendant (*see United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and © Fed. R. Crim. P. 26.2 and 12(I). *United States v. Service Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998); *Paradis v. Arave*, 240 F.3d 1169 (9th Cir. 2001) This request includes all statements of the defendant made during his

first contact with law enforcement on Nov. 24, 2007.

(3) Brady Material The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. This request includes all witness interviews during which the witness gave statements exculpatory of the defendant. He also requests the vehicle registration of the vehicle in which he was driving, all TECS on that vehicle as well as all TECS on Mr. Partida himself either as a pedestrian or as a driver/passenger in a vehicle. He requests detention of the vehicle for inspection by the defense as well as retention of all the contraband and packaging. The defense requests all photos and/or video of all prior crossings of the vehicle which contained marijuana.

This request includes impeachment as well as exculpatory evidence, which fall within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985*); United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) This request includes prosecutor's notes of any witness that could be used as impeachment. *Paradis v. Arave*, 240 F.3d 1169 (9th Cir. 2001) This request includes any agreements that a Government witness not undergo a mental examination prior to testifying, *Silva v. Woodford*, 2002 WL 130455 (9th Cir. 2002)(99-99009) Reports of proffer sessions of unindicted co-defendants/co-conspirators conducted in preparation for pre-trial motions or trial. *United States v. Gamez-Orduno*, 235 F.3d 453 (9th Cir. 2000) The Government must disclose the information even if the defendant may already know the information. *United States v. Howell*, 231 F3d. 615 (9th Cir. 2000) Information regarding prior or contemporaneous perjury or bizarre testimony of an informant would be discoverable. *United States v. Mesarosh*, 352 U.S. 1 (1956)

JORGE PARTIDA requests information concerning misconduct by any cooperating witness other than in his/ her role as a cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud. *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1993)

The defense requests all information, records and transcripts which in any way indicate

or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to: any state or federal law enforcement officer or agency; any state or federal grand jury; any state or federal trial court while testifying at trial and/or any related preliminary proceeding.

(4) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.; *United States v. Service Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998)

(5) JORGE PARTIDA's prior Record. Evidence of the defendant's prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

(6) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. This request includes evidence the Government may introduce in rebuttal. *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999)

(7) Request for Preservation of Evidence The defendant specifically requests that all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved, including computer records, photographs, and video tapes. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence, including agents notes. *United States v. Harris*, 543 F. 2d 1247 (9th Cir. 1976); *United States v. Riley*, 189 F.3d 802 (9th Cir. 1999)

Specifically the defendant requests preservation of the narcotics and packaging seized, the vehicle, all property contained therein, all photos and/or video of the stop at the border of Mr Partida, all photos and/or videos of all prior crossings of the vehicle in question.

(8) Tangible Objects The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, videos, computer records which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to JORGE PARTIDA.

(9) Evidence of Bias or Motive to Lie The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032 (1989), Fed. R. Evid 608.

(10) Impeachment Evidence The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Steinberg*, 99 F.3d 1486,1491-2 (9th Cir.1996) JORGE PARTIDA specifically requests the prior records of all Government witnesses. The arrest and conviction records, or FBI "rap sheets," NCIC printout, NADDIS, EPIC, NLETS, ATS, TECS, IDENT and any other records available to the Government reflecting the arrest, conviction and investigative history of individuals the Government plans to call as witnesses discoverable pursuant to Fed. R. Crim. P.16(a)(1)(B). This information is critically important information for meaningful cross-examination by defense counsel. The fact that such information would serve to impeach any testimony by said witnesses is sufficient to bring the statement under the scope of *Brady v. Maryland*, since the duty imposed upon the Government by *Brady* to disclose evidence it has in its possession applies to any information "...favorable to the accused either as direct or impeaching evidence" [emphasis added] *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968); *United States v. Keogh*, 391 F.2d 138 (2d Cir. 1968). Furthermore, the Defendant

will be unable to comply with the requirements of Rule 609(b) requiring advance written notice of intent to use certain prior convictions for impeachment purposes, where the Defendant is deprived of access to such records. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility); *United States v. Sudikoff*, 36 F.3 Supp. 1196 (C.D. Ca. 1999), *United States v. Gamez-Orduno*, 235 F.3d 453 (9th Cir. 2000), *Paradis v. Arave*, 240 F.3d 1169 (9th Cir. 2001)

The defense requests any statement made, information or document provided by a prospective Government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness. The conflicting statement of a witness must be turned over to the defendant. *Kyles v. Whitley*, 514 U.S. 419 (1995) In *Schneider v. Estelle*, 552 F.2d 593, 595 (5th Cir. 1977), the Court held that the Government's failure to disclose an eyewitness' prior statement that was inconsistent with the testimony of the Government's key trial witness was reversible error. Also, in *United States v. Martino*, 648 F.2d 367, 384 (5th Cir. 1981), the court stated:

> As impeaching evidence, the prior inconsistent statement would fall within disclosure requirements because *Brady* encompasses impeachment evidence as well as evidence favorable to the accused on the issue of guilt.

In *Jones v. Jago*, 575, F.2d 1164, 1166, (6th Cir. 1978), *cert. denied* 439 U.S. 883 (1978), the Court found that an eyewitness' statement to the government, while not expressly exonerating the defendant, and made no reference to the defendant's presence or participation in the offense, was Brady material and that the failure to disclose such a statement required the reversal of the conviction. *Id*. at 1166. *See also United States v. Gamez-Orduno*, 235 F.3d 453 (9th Cir. 2000)

(11) Evidence of Criminal Investigation of Any Government Witness The defendant requests any evidence that any prospective witness is under investigation by federal, state or

local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).

(12) Witness Addresses The defendant requests the name and last known address of each prospective government witness. The names and addresses of individuals who the Government intends to call as witnesses at the trial is necessary in order to afford the defendant and her counsel effective confrontation and cross-examination of these witnesses as guaranteed by the Sixth Amendment to the Constitution of the United States, *Pointer v. Texas*, 380 U.S. 400 (1965), *See also United States v. Tucker,* 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), *cert. denied*, 444 U.S. 1034 (1980). When "...the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth through cross-examination' must necessarily" begin with the witnesses' name and address. *Smith v. Illinois*, 690 U.S. 129 (1968).

The defendant also requests the name and last known address of every witness to the crimes charged who will not be called as a government witness. *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984);

(13) Name of Witnesses Favorable to the Defendant The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)

In order to effectuate meaningful confrontation and cross-examination the identity of the witnesses must be disclosed well in advance of trial. When "...the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth through cross-examination' must necessarily" begin with the witnesses' name and address. *Smith v. Illinois*, 690 U.S. 129 (1968) It is the "witness' name and address [which] open countless avenues of in-court examination and out-of-court investigation." *Id This* necessary "out-of-court investigation"

cannot be conducted unless the names and addresses of these witnesses are furnished well in advance of trial. Basic due process requires no less where, as here, the Government's investigation, utilized vast personnel, equipment, and financial resources over an extended period.

(14) Statements Relevant to the Defense The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982)

(15) Jencks Act Material The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, be provided six (6) weeks in advance of trial. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500 (e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of *Jencks* material to expedite cross-examination and to avoid lengthy recesses during trial; *United States v. Riley* 189 F.3d 802 (9th Cir. 1999)

(16) Giglio Information Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

This request includes, without limitation, all matter bearing on any witness' veracity, competence, capacity and opportunity to observe, remember, recall or narrate events, including mental or physical health (impairments of sight, hearing, memory, or language), narcotic or alcohol use, or and the existence of any condition of partiality, prejudice, bias, motive, interest or corruption causing or arguably causing the witness to be in favor of the Government or against the defendant or the defense not already provided under request number 9 above.

All considerations or promises of consideration given to or on behalf of the witness or

expected or hoped for by the witness or documents demonstrating same. "Consideration" means absolutely anything, whether bargained for or not, and whether extended formally or informally, directly or indirectly, which arguably could be of value or use to a witness or to persons or business entities of concern to the witness.

(17) Expert Information: If the Government intends to introduce expert testimony, JORGE PARTIDA requests that the Government provide all foundational information as required by Fed. R. Crim. P. 16(a)(1)(E). Further that this information be turned over to the defense in advance so that Motions in Limine can be filed in a timely manner. *See* Fed. R. Evid. 104, 702, and 704

This request includes: All texts, treatises, memorandum or other writings or training materials reflecting the factors utilized to justify each opinion prosecution witnesses intend to present, and statements relied upon by "expert" witness in forming their opinion.

"Statements" of others which are relied upon by the experts or law enforcement officers in gaining the "training" and "experience" upon which they base their testimony. If the expert has "adopted" or "approved" the other person's statements the statement is discoverable under the mandatory disclosure requirements of Rule 26.2 of the Rules of Criminal Procedure. The defense should have equal access to the "underlying facts and data" upon which a witness giving an "expert" opinion bases same. The due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution requires no less. *See Brady v. Maryland*, 373 U.S. 83 (1963)

The trial Judge must preliminarily assess whether scientific expert testimony is relevant and reliable. *Daubert, et ux., et al. v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, (1993). To accomplish the "gatekeeper function" the defense must have the foundational material relied upon by the various experts to present to the court for its determination. This applies to all expert testimony, not just "scientific testimony."

"In Daubert, this Court held that Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'(509 U.S., at 589) The initial question before us is whether this basic gate-

keeping obligation applies only to "scientific" testimony or to all expert testimony. We, like the parties, believe that it applies to all expert testimony." *Kumho Tire Company v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 1172 (1999)

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the Government to provide a written summary of its expert witnesses' testimony, the basis and reasons for the testimony, and the witnesses' qualifications. Pursuant to Rule 705 of the Rules of Evidence, and the Due Process Clause of the Fifth Amendment of the United States Constitution, Defendant requests the production of this information.

(18) Personnel Records of Government Officers Involved in the Arrest The defendant requests all citizen complaints and other related internal affairs documents involving any of the agents or other law enforcement officers who were involved in the investigation, arrest and interrogation of JORGE PARTIDA, pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

(19) Government Examination of Law Enforcement Personnel Files JORGE PARTIDA requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. JORGE PARTIDA requests that these files be reviewed by the government attorney for evidence of untruthful conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) The obligation to examine files arises by virtue of the defense making a demand for their review. *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984) If the Government has any question about materiality it should submit the file to the Court for *in camera* review. *Cadet*, 727 F. 2d at 1467-8 This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to JORGE PARTIDA prior to trial. The duty to review the files, under *Henthorn*, should be the prosecutor's and not the officers'.

The Defendant also requests the review of the personnel records of case and investigative agents, to include any policy statements, review forms, and other written material, which prescribes the basis, which they are paid (e.g. whether rank and pay is based upon the number of arrests and or convictions they are associated with). The Defendant also requests the disclosure of grant or grant requests used to form the task force, if any that conducted this investigation. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(20) The results of all tests conducted on all items seized or recovered by Government agents as part of the investigation. Pursuant to *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) and Fed. R. Crim. P 16(a)(1)(D) JORGE PARTIDA requests disclosure of all examinations, tests, and experiments. This request includes all fingerprint tests on the contraband seized.

(21) The defense requests notice of all Hearsay Statements the Government intends to introduce pursuant to Fed. R. Evid. 807 or 801(d)(2)(E). JORGE PARTIDA intends to object to the proffer of hearsay testimony offered at her own or a joint trial and intends to move to suppress such testimony at a hearing under Rule 104(a) of the Federal Rules of Evidence. Where the Government seeks to offer such hearsay testimony under the catchall "other exceptions" of Rule 807 this Rule expressly requires notice of same prior to trial.

> "However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party **sufficiently in advance of the trial or hearing** to provide the adverse party with a fair opportunity to prepare to meet it, proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." Rule 807, Federal Rules of Evidence [emphasis added]

JORGE PARTIDA further requests the substance of any and all statements which the Government alleges are admissible as statements of a co-conspirator made during the course and in furtherance of the conspiracy under Fed. R. Evid 801(d)(2)(E) and Fed. R Crim. P. 16(a)(1)(A) Statements of co-conspirators made during the course of the conspiracy and in furtherance of the claimed objectives of that conspiracy may be exceptions to the hearsay rule and admissible pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. Pursuant to Fed. R. Crim. P.12 (d)(2), the Government may be ordered to disclose specific items of evidence on

which it intends to rely at trial. Disclosure of a co-conspirator's statements intended to be offered under Fed. R. Evid. 801(d)(2)(E) was ordered in *United States v. Thevis*, 84 F.R.D. 47, 56-57 (N.D. Ga. 1979) to allow the defense an opportunity to effectively meet and cross-examine such hearsay declarations.

The rationale underlying that rule is that each co-conspirator is the "agent" of the other once the conspiracy is shown to exist. *See*: Advisory Committee's Notes, Rule 801(a)(2)(E). And as a defendant's agent's statements made by co-conspirators within the scope of that agency and in furtherance of same are said to be impliedly authorized by each Defendant as principal, they are therefore admissions by each defendant. Given that such co-conspirator's statements are admissible because they are treated as statements of or adopted by the defendant, then such statements should be discoverable as that defendant's own pursuant to Rule 16(a)(1)(A) on the same theory. *United States v. Agnello*, 367 F. Supp. 444, 448-9 (E.D. N.Y. 1973); *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D. N.Y. 1978), *aff'd*. 623 F.2d 769 (2d Cir. 1980) [requiring disclosure of statements where not made by prospective government witness]; *United States v. Fine*, 413 F. Supp. 740, 742-43 (W.D. Wis. 1976);

(22) Production of all post arrest statements of co-conspirators. JORGE PARTIDA requests production of all statements by uncharged alleged co-conspirators and/or co-defendants that may be admissible against co-defendants, but not admissible against defendant. In order to effectively exercise his rights to confront and cross-examine the witnesses against him under the Sixth and Fourteenth Amendments to the United States Constitution, the defendant is requesting pretrial disclosure of all statements that may constitute statements. *Bruton v United States*, 391 US 123 (1968) Alternatively, JORGE PARTIDA requests such statements be produced *in camera* for this Court's inspection as provided by Federal Rule of Criminal Procedure 14.

(23) Production of all statements, documents or item obtained as result of Title III Interceptions.

The government should be ordered to disclose the complete applications and orders, if any exist.

"The judge, upon the filing of a motion, may... make available to...person or his counsel for inspection such portions of the intercepted communications, applications and orders..." 18 U.S.C. 2518(8)(d) Title III further mandates production of documents related to the interception before the contents may be used at any hearing.

> The contents of any wire, oral, or electronic communication intercepted...shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding...unless each party...has been furnished with a copy of the court order and accompanying application under which the interception was authorized..." 18 U.S.C. 2518(9)

JORGE PARTIDA requests the fruits of the Title III, pen register, all video surveillance logs, reports and tapes and consensual recordings contained in, but not limited to, cassette audio, CDs, and video tapes of recordings, interception logs, transcripts of recordings (including drafts), malfunction reports, any and all memorandums of intercepted but non-recorded conversations due to mechanical breakdown, daily reports, ten day progress reports, pen register tapes, pen link reports, city link reports and applications, and affidavits asking for extensions of Title III interceptions.

JORGE PARTIDA also requests matters which demonstrate authority and compliance with proper procedure for the Title III interception including, but not limited to, original application, affidavit, all orders, letters of authorization, minimization instructions, all monitoring agents schedules, schedule logs, or sign-in sheets, independent contractor sign in sheets (and their contracts), motions to seal, sealing orders, motions to unseal, and unsealing orders to the extent these materials have not already been provided.

## III.

## REQUEST LEAVE TO FILE FURTHER MOTIONS.

Mr. Partida requests leave to file additional pretrial motions including a motion to suppress statements; and other motions upon receipt and review of all the discovery and subsequent follow up investigation of the same.

## IV

## CONCLUSION

JORGE PARTIDA respectfully requests the court grant these motions.

Respectfully submitted,

Dated: Jan. 04, 2008

/s/ Bernard G. Skomal

BERNARD G. SKOMAL

ATTORNEY FOR DEFENDANT

CERTIFICATE OF PROCESS

I hereby certify that on Jan. 04, 2008 I electronically filed defendant's discovery motion with the Clerk of the Court using the CM/ECF system. I thereby served the opposing party by e-filing to the Office of the Clerk, which will serve the parties listed on the electronic service list for this case.

Dated: Jan. 04, 2008

Respectfully submitted,

/s/ Bernard G. Skomal

Bernard G. Skomal

Attorney for Defendant